UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TONI GIL,** | Civil Action No. 24-351 (MAH) |
| Plaintiff, | |
| v. | |
| **PETCO HEALTH AND WELLNESS CO., FLEXI NORTH AMERICA, INC.,** | OPINION |
| Defendants. | |

I. INTRODUCTION

This matter comes before the Court on the respective motions to dismiss Toni Gil's ("Plaintiff") Amended Complaint by Defendant Petco Health and Wellness Company, Inc. ("Petco") and Flexi North America, LLC ("Flexi").[1] *See generally* Petco Mot. to Dismiss, D.E. 32; Flexi Mot. to Dismiss, D.E. 36.[2] Flexi moves to dismiss under both Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Flexi Mot. to Dismiss, June 14, 2024, D.E. 36. Petco moves to dismiss solely under Rule 12(b)(6) for failure to state a claim. *See generally* Petco's Mot. to Dismiss, D.E. 32. Plaintiff opposed the motions on August 5, 2024, and Defendants replied on August 12, 2024. Opp'n to Petco, D.E. 43; Opp'n to Flexi. D.E. 44; Petco Reply, D.E. 47; Flexi Reply, D.E. 48. Pursuant to Local Civil Rule 73.1, the parties have consented to the Undersigned's jurisdiction.

---

[1] Flexi maintains that it was misplead as Flexi North America, Inc.

[2] Flexi submitted a redacted brief in support of its motion to dismiss, Red. Mot. to Dismiss, D.E. 36, and an unredacted version. References to Flexi's brief refer to the unredacted version of the brief.

*See* Consent to Magistrate Jurisdiction, Mar. 22, 2024, D.E. 18.  The Undersigned has considered the briefs submitted in support of, and in opposition to, the motions without oral argument.  *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1.   For the reasons set forth below, Flexi's motion to dismiss is granted under Rule 12(b)(2).  Plaintiff's claims against Flexi in the Amended Complaint are dismissed with prejudice.  Petco's motion to dismiss under Rule 12(b)(6) is granted, without prejudice to Plaintiff's right to amend the Amended Complaint.

## II.   BACKGROUND

This product liability action arises out of personal injuries suffered by Plaintiff while using the product at issue, a Flexi dog leash (the "Product").  *See* Am. Compl., D.E. 19, at ¶¶ 1, 5.  As a preliminary matter, the Court notes that both the initial Complaint and the Amended Complaint contain very little information regarding the events leading up to Plaintiff's alleged injuries.  Rather, almost all details related to the incident arise from exhibits attached to Defendants' motions to dismiss.  Consistent with Rule 12(b)(6), the Court assumes the well pleaded allegations of the Amended Complaint to be true for purposes of the motions.  *See Makky v. Chertoff*, 489 F. Supp. 421, 429 (D.N.J. 2007).  The Court includes these details in its factual background solely for completeness and context.

On September 9, 2023, Plaintiff was walking in Long Beach, New Jersey with her dog which was leashed by the Product.  Incident Report, Ex. B, D.E. 33-2, at 2.  However, during this walk "the leash [Plaintiff] was using to control [Plaintiff's dog] broke."  *Id.*  The dog then ran into the road and was hit by a car.  *Id.*  When Plaintiff approached her dog and tried to move the animal, the dog bit her.  *Id.*  According to Plaintiff's medical report, she suffered "multiple bites" to her hand and a "bite to [the] right forearm."  Med. Rep., Ex. C, D.E. 33-3, at 2.  The Product was purchased at a Petco location in Parsippany, New Jersey.  Am. Compl., D.E. 19, at ¶ 1.  However, it is unclear who purchased the Product, or when it was purchased.

Plaintiff is a resident of New Jersey. *Id.* at 1. Flexi is a single-member limited liability company. Not. of Removal, D.E. 1, at ¶ 8. flexi-Bogdahn International Beteiligungs GmbH, a German entity, is the sole member of Flexi. *Id.* Flexi's principal place of business is in North Carolina. *See* Flexi Corp. Records & Business Registration, Ex. A, D.E. 36-4, at 1-2. Flexi purchases its leashes from a manufacturer in Germany and sells those leashes to retailers in the United States. Decl. of Sven Kruse, D.E. 37-1, at ¶ 3. Petco is a retailer that "provides pet health and wellness products, services, and solutions to pets and pet owners."[3] Petco Br. in Supp. of Mot. to Dismiss, D.E. 34, at 1. Flexi entered into a resale agreement with a subsidiary of Petco, International Pet Supplies & Distribution, Inc. Petco Business Agreement, Ex. B, D.E. 37-2, at 1-11. This resale agreement provided that "all agreements between [Flexi] and [International Pet Supplies & Distribution, Inc.] shall be governed by the laws of the State of California." *Id.* at 8. Further, the agreement provided that Flexi consented to the "personal jurisdiction and exclusive of the federal and state courts in San Diego, California." *Id.*

On January 9, 2024, Plaintiff filed her initial Complaint in the Superior Court of New Jersey, Middlesex County. Initial Compl., Ex. A, D.E. 1-1. On January 29, 2024, Flexi removed this action to the United States District Court for the District of New Jersey based on diversity jurisdiction. Notice of Removal, D.E. 1, at ¶ 6. On March 20, 2024, the Court held a Pretrial Scheduling conference.[4] Order, Feb. 26, 2024, D.E. 11. At the conference, the Court ordered

---

[3] No party has provided Petco's state of incorporation or where it maintains its principal place of business. However, because Petco does not move for a motion to dismiss under Rule 12(b)(2), this omission does not change this Court's analysis.

[4] Petco was not served in advance of the Scheduling Conference, and therefore its counsel was not present. On April 22, 2024, Petco entered its appearance. *See* Not. of Appearance, D.E. 23.

Plaintiff to "file an Amended Complaint specifying the basis for this Court's personal jurisdiction over Defendant Flexi."  Order, D.E. 17.

On April 3, 2024, Plaintiff filed the Amended Complaint against both Defendants under the "the common law of the State of New Jersey pertaining to defective products" and pursuant to New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.* ("NJPLA").  Am. Compl., D.E. 19, at ¶ 6.  As noted, the Amended Complaint does not discuss the dog bite, or events leading up to the dog bite.  Rather, Plaintiff broadly alleges: (1) Defendants "negligently and defectively design[ed], manufacture[d], assemble[d], package[d], repair[ed], refurbish[ed], recondition[ed], market[ed], s[old] or otherwise place[d] in the stream of commerce" the Product "causing the product to be in a dangerous and unsafe condition"; and (2) Plaintiff's "serious and permanent injuries" were "a direct and proximate result of the negligence of Defendants and/or the defect in the [Product]."  *Id.* at ¶¶ 4-5.  Following the filing of the Amended Complaint, the Court directed the parties to engage in targeted jurisdictional discovery, and set forth a briefing scheduling for any forthcoming motions to dismiss.  Order, Apr. 10, 2024, D.E. 22.

On June 14, 2024, Flexi and Petco filed their respective motions to dismiss.  Flexi Mot. to Dismiss, D.E. 36; Petco Mot. to Dismiss, D.E. 32.  Flexi moves to dismiss for lack of personal jurisdiction and for failure to state a claim.  *See generally* Flexi Mot. to Dismiss, D.E. 37.  Flexi argues that even following targeted jurisdictional discovery, Plaintiff's allegations are insufficient to establish Flexi's actions were "continuous and systematic" to subject it to general jurisdiction in New Jersey.  *Id.* at 12.  Flexi also claims that it has not purposefully availed itself of conducting business in the state to establish specific personal jurisdiction.  *Id.* at 14.  Flexi further argues that Plaintiff's Amended Complaint must also be dismissed because Plaintiff has not sufficiently pled

4

any claims under the NJPLA.  Flexi contends that Plaintiff has not adequately alleged that the defective leash caused her personal injuries.  *Id.* at 27-28.

Petco moves solely under Rule 12(b)(6) and similarly argues Plaintiff's Amended Complaint does plead any viable claims under the NJPLA.  Petco Br. in Supp. of Mot. to Dismiss, D.E. 34, at 7-9.  Further, Petco argues Plaintiff cannot demonstrate causation, and therefore the Amended Complaint must be dismissed.  *Id.* at 10.

On August 5, 2024, Plaintiff filed her oppositions to both motions.  Opp'n to Flexi, D.E. 44; Opp'n to Petco, D.E. 43.  Plaintiff argues that there is personal jurisdiction based on Flexi's placement of the Product into New Jersey's stream of commerce, and because Flexi has shipped its leashes to Petco locations in New Jersey.  Opp'n to Flexi, D.E. 44, at 4-5.  Plaintiff further argues that her Amended Complaint should not be dismissed because the dog bite is not a superseding intervening cause in the chain of causation for Plaintiff's injuries.  Opp'n to Flexi, D.E. 44.  Rather, Plaintiff claims that the Product was a "substantial factor in bringing about her injury" and that this question must be determined by a fact finder.  Opp'n to Flexi, D.E. 44, at 7-8; Opp'n to Petco, D.E. 43, at 7.

### III.   DISCUSSION

#### A.  Whether the Court Possesses Personal Jurisdiction Over Flexi

Where a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Procedure 12(b)(2), the plaintiff bears the burden of proving, by a preponderance of the evidence, that personal jurisdiction is proper over the moving party.  *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).  Where a court does not hold an evidentiary hearing on the motion to dismiss, as is the case here, the plaintiff need only establish a prima facie case of personal jurisdiction.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  When contesting

5

personal jurisdiction, a plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *See Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Ca. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)). A plaintiff may demonstrate these jurisdictional facts through sworn affidavits or other competent evidence. *See, e.g.*, *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *see also Basse v. Bank of Am., N.A.*, No. 22-03674, 2023 WL 2696627, at *2 (D.N.J. Mar. 29, 2023) ("Indeed, the plaintiff must respond to the defendant's motion with 'actual proofs'; 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" (quoting *Time Share Vacation Club*, 735 F.2d at 66 n.9)).

### a. General Jurisdiction

The Court finds that it cannot exercise personal jurisdiction under a theory of general jurisdiction. As a preliminary matter, Plaintiff does not argue that this Court possesses general jurisdiction. The Court's own independent analysis concludes that the circumstances in the instant matter are insufficient to render Flexi at home in New Jersey. General personal jurisdiction exists when the evidence shows that a defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). For general personal jurisdiction, courts consider, among other factors, whether a defendant's personnel or facilities are located in the forum state and whether a defendant advertised or solicited business there. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 262 (3d Cir. 2000). Courts may exercise general jurisdiction over foreign corporations if that corporation's affiliations with the forum are so "continuous and systematic" so as to render them "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[F]or the purposes of general personal jurisdiction, a limited liability company's

citizenship is that of its principal place of business and state of incorporation." *See Hannah v. Johnson & Johnson*, No. 18-1422, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020). It is only "[i]n exceptional cases a corporation's operations in a different forum may be so substantial and of such a nature as to render the corporation at home in that State." *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 Fed. App'x 119, 120 (3d Cir. 2017). As a result, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business." *Malik v. Cabot Oil & Gas Corp.*, 710 Fed. App'x 561, 564 (3d Cir. 2017).

Here, Flexi's principal place of business is in North Carolina. Decl. of Sven Kruse, D.E. 37-1, at ¶ 2. Further, Flexi possesses no New Jersey employees, officers or registered agents in the State, does not own or rent any properties within New Jersey, and does not possess a New Jersey bank account or telephone listing. *Id.* at ¶¶ 4-5  As there is no evidence in the record to support that Flexi's actions are so systematic and continuous as to render it at home in New Jersey, this Court does not possess general jurisdiction. *See Barth*, 697 Fed. App'x at 119.

### b. Specific Jurisdiction

#### i. Flexi's & Plaintiff's Arguments

Flexi argues that this Court cannot exert specific jurisdiction over Flexi because it did not purposefully avail itself of the privilege of conducting business in New Jersey. Flexi Mot. to Dismiss, D.E. 37, at 14, 22. Flexi contends its business actions have not been directed at this state. Flexi argues that it does not actively promote or advertise its products in New Jersey, target New Jersey customers, or service independent retail customers here. *Id.* at 15, 20. Flexi concedes that its website is accessible in New Jersey, but argues that the website is purely passive and cannot receive orders. *Id.* at 21. Further, Flexi argues it has not purposefully availed itself of conducting

business in New Jersey via Petco, because its business agreement with Petco was "not between Flexi and any Petco stores in New Jersey" but rather was "between Flexi and International Pet Supplies and Distributors, Inc., located in San Diego, California." *Id.* at 19. Flexi also posits that Plaintiff fails to establish the requisite connection between Flexi's conduct in New Jersey and the litigation. *Id.* at 22. According to Flexi, this connection is lacking because Plaintiff's Amended Complaint fails to relate the cause of her injury—a dog bite—to the Product. *Id.* at 23-24.

Plaintiff argues that specific jurisdiction can be established because Flexi has placed its dog leashes into New Jersey's stream of commerce, and also because Flexi has "deliberately, purposefully, and repeatedly" shipped "scores" of dog leashes from Flexi's North Carolina facility to Petco's New Jersey distribution center. Opp'n to Flexi, D.E. 44, at 2, 3. Plaintiff principally relies on *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016), as support for the proposition that because Flexi "actively participated in supplying and shipping its product to New Jersey, Plaintiff has demonstrated sufficient contacts with New Jersey to establish specific jurisdiction." *Id.* at 5. According to Plaintiff, this Court has specific jurisdiction over Flexi, because Flexi inserted its leashes into the state's stream of commerce through its own shipment efforts, and because her suit "relates to a type of dog leash shipped by Flexi." *Id.*

### ii.     Standard

Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely availed itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant "should reasonably anticipate being haled into court there." *Mellon Bank*, 960 F.2d at 1221-22 (internal citations and quotations omitted). In the Third Circuit, courts conduct a three-part inquiry to determine whether specific personal jurisdiction exists: (i) whether the defendant

"purposely directed" activities at the forum state; (ii) whether the plaintiff's core claim arises out of or relates to "at least one of those specific activities;" and, if those two requirements are met, whether (iii) exercising jurisdiction over the non-resident defendant "comport[s] with fair play and substantial justice." *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted). Although a specific personal jurisdiction analysis is usually claim specific, this is not required where the claims at issue factually overlap. *See Chen v. Wang*, No. 22-4708, 2023 WL 3182264, at *6 (D.N.J. Apr. 30, 2023).

First, the plaintiff must prove that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). While physical entrance is not necessary, a defendant's contacts must be such that they amount to a "deliberate targeting of the forum." *Id.* (quoting *O'Connor*, 496 F.3d at 317). Accordingly, "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." *O'Connor*, 496 F.3d at 317 (quoting *Hanson*, 357 U.S. at 253*); see also Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 353 (D.N.J. 1998) (stating that "[a] single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state").

The second prong of the three-part inquiry has been described as the relatedness prong. *Klick v. Asbestos Corp., Ltd.*, No. 20-16654, 2021 WL 2666709, at *2 (D.N.J. June 28, 2021). Under this prong, the court must determine if plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state. *See O'Connor*, 496 F.3d at 317 (quoting *Helicopteros*, 466 U.S. at 414).

As to the third prong, the Court should examine several factors when considering fairness and justice including: (i) the burden on the defendant; (ii) the forum state's interest in adjudicating the dispute; (iii) the plaintiff's interest in obtaining convenient and effective relief; (iv) the interstate and international judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the procedural and substantive interests of other nations. *O'Connor*, 496 F.3d at 324.

### iii. Analysis

Plaintiff fails to establish that Flexi purposefully availed itself of conducting business in New Jersey. This first element focuses on "contacts that the defendant itself generated within the forum state." *Redi-Data, Inc. v. Spamhaus Project*, No. 20-17484, 2022 WL 3040949, at *4 (D.N.J. Aug. 2, 2022). However, there is no evidence in the record that Flexi has purposefully targeted New Jersey. For example, Flexi does not advertise in New Jersey. Although Flexi maintains a website accessible to residents of New Jersey, no direct orders can be placed through the website. Decl. of Sven Kruse, D.E. 37-1, at ¶ 4; *see O'Connor*, 496 F.3d at 318 (finding purposeful availment when a resort solicited a Pennsylvania couple via a telephone call and a brochure sent to their home); *Double-Take, Inc. v. Neverfail Grp. Ltd.*, No. 07-1958, 2008 WL 11510562, at *4 (D.N.J. Mar. 17, 2008) (finding no specific jurisdiction where the defendant maintained a website but did not "sell their products through the website"). Nor does Flexi directly contract with New Jersey customers. *See E.E. Cruz & Co. v. Alufab, Inc.,* No. 06-262, 2006 WL 1344095, at *4 (D.N.J. May 16, 2006) (finding the defendant's decision to contract with a New Jersey corporation insufficient to confer personal jurisdiction). Indeed, the business agreement between Flexi and a subsidiary of Petco was not negotiated in New Jersey, and specifies that California law governs its contract and is also the exclusive venue for disputes related to the

10

contract. Decl. of Sven Kruse, D.E. 37-1, at ¶ 4; Petco Business Agreement, D.E. 37-1, at 1-11; *Eagle Sys., Inc. v. Mod-Pac Corp.*, No. 18-17062, 2019 WL 2536005, at *3 (D.N.J. June 19, 2019). Notably, Plaintiff has not contested any of this information, nor has Plaintiff submitted competent evidence to establish personal jurisdiction as required to respond to Flexi's motion. *See Time Share Vacation Club*, 735 F.2d at 66 n.9.

Further, the Court is not persuaded by Plaintiff's argument that by inserting the Product into this state's stream of commerce, Flexi rendered itself subject to this Court's jurisdiction. A stream of commerce theory alone cannot confer personal jurisdiction over Flexi in this Circuit. *See Wade v. Kenan Advantag Grp., Inc.*, No. 20-18155, 2021 WL 4704962, at *5-6 (D.N.J. Oct. 8, 2021) ("The controlling determination with regard to Plaintiff's attempt to confer personal jurisdiction over Moving Defendants through the stream of commerce theory is that the Third Circuit has declined to adopt that theory of personal jurisdiction."); *Kuhar v. Petzl Co.*, No. 16-395, 2018 WL 3737368, at *11 (D.N.J. Aug. 6, 2018) ("[C]ontrolling precedent indicates that simply placing an item into the stream of commerce, even where it is foreseeable that the item will end up in the forum state, is not enough to establish the 'purposeful availment' required to establish the requisite minimum contacts for specific jurisdiction."); *Ex. Rel Sturman v. Out Island Sport Yachts, Inc.*, No. 17-5441, 2018 WL 3730861, at *2 (D.N.J. Aug. 6, 2018) ("[The] Third Circuit [has] held that placing a product into the stream-of-commerce alone is insufficient grounds for specific jurisdiction."). Plaintiff's reliance on *Polar Electro Oy* is also unavailing. First, the case is not controlling, as that is a decision by the Federal Circuit Court concerning jurisdiction over a patent dispute. *See 10x Genomics, Inc. v. Vizgen, Inc.*, 681 F. Supp. 3d 252, 264 (D. Del. 2023) ("Third Circuit law, rather than Federal Circuit law, is controlling for this non-patent issue."); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 134 (3d Cir. 2017) ("Where, as here, patent law neither

11

creates plaintiffs' cause of action nor is a necessary element to any of plaintiffs' well-pleaded claims, jurisdiction lies in this Court, not the Federal Circuit."). Further, in that case, the Federal Circuit reached its conclusion that there was personal jurisdiction over one of the defendants by proceeding under a theory of stream of commerce. *See Polar Electro Oy*, 829 F.3d at 1350. As noted above, within the Third Circuit placing a product into the stream of commerce alone is insufficient to establish personal jurisdiction. Moreover, the Court cannot find any additional indication that Flexi has specifically targeted New Jersey for the reasons stated above. *See Finegold v. Gen. Motors Co.*, No. 21-362, 2023 WL 2384460, at *4 (D.N.J. Mar. 6, 2023) (finding no specific jurisdiction where the plaintiff's "theory [was] based on [the defendant's] injection of products into the stream of commerce, not activities that [the defendant] directed toward New Jersey"). Accordingly, the Court cannot confer personal jurisdiction over Flexi. As the Court concludes Plaintiff has not satisfied the first prong, it need not engage in any analysis regarding prongs two and three. *McMahon v. Volkswagen Aktiengesellschaft*, No. 22-1537, 2023 WL 4045156, at *4 (D.N.J. June 16, 2023) ("If the first requirement is met, then a court may consider '[s]econd, [whether] the litigation . . . arise[s] out of or relate[s] to at least one of those activities.'" (quoting *O'Connor*, 496 F.3d at 317)).[5] The Court therefore will grant Flexi's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

---

[5] As this Court concludes a lack of both specific and general jurisdiction, it declines to address Flexi's specific arguments under Rule 12(b)(6) for failure to state a claim. *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 214 (D.N.J. 2020) ("If . . . personal jurisdiction is absent, the court is powerless to address the merits of the Rule 12(b)(6) motion.").

### B. Whether Plaintiff Failed to State a Claim Under 12(b)(6)

#### a. Petco's & Plaintiff's Arguments

Petco argues that Plaintiff's Amended Complaint should be dismissed because she has failed to properly state a claim under common law negligence or under the NJPLA. Specifically, Petco contends that any negligence allegations in the claim are subsumed by the NJPLA. Petco Br. in Supp. of Mot. to Dismiss, D.E. 34 at 8-9. Further, Petco contends that Plaintiff's product liability claims should be dismissed because Plaintiff cannot establish causation between her injuries and the alleged defective Product. *Id.* at 9-14. According to Petco, any connection between the leash breaking and Plaintiff's injuries are broken by Plaintiff's movement of the dog, which constitutes an intervening and superseding factor. *Id.* at 10. Relying on the six factors used to evaluate proximate cause enumerated in *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 438-44 (3d Cir. 2000), Petco argues Plaintiff cannot demonstrate causation as required by the NJPLA. *Id.* at 11-12. Finally, Petco contends that Plaintiff's claims can be characterized only as bare and conclusory, especially since Plaintiff has purposefully omitted the necessary facts of Plaintiff's injuries—that a dog bit her. *Id.* at 13.[6]

Plaintiff argues she has adequately pled that "due to defects in the [Product]" Plaintiff sustained personal injuries, and that these defects constitute negligence and are violations of NJPLA. Opp'n to Petco, D.E. 43, at 5. Plaintiff further claims she has pled causation under the statute, if this Court were to take judicial notice of

> one of the principal purposes of a dog leash is to keep a dog from entering traffic,
> a dog that enters traffic and is struck by a car may become scared and
> fearful, a pet owner whose pet is struck by a vehicle may come to its aid,

---

[6] Petco also argues that the Court can convert this motion to one for summary judgment under Federal Rule of Civil Procedure 56. Petco Br. in Supp. of Mot. to Dismiss, D.E. 34, at 19. The Court declines to do so at this time.

13

> and a dog may become aggressive and bite a person due to being scared and fearful.

*Id.* at 3. Therefore, Plaintiff argues that the police report that describes the dog bite incident "illustrates a chain of causation where the breaking of the dog leash is an essential link" and therefore the dog bite is not a superseding intervening cause. *Id.* at 3. Further, Plaintiff argues that because her theory of harm is simple, Petco's theory of proximate cause is inapposite to the present matter. *Id.* at 4. Rather, Petco's motion should be denied because a fact finder usually determines proximate cause. *Id.* Finally, Plaintiff argues her Amended Complaint should not be dismissed because it provides Petco with adequate "notice of what [P]laintiff's claims are and the grounds upon which they rest," pursuant to Federal Rule of Civil Procedure 8. *Id.*

### b. Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint will survive a motion under Rule 12(b)(6) only if it states sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 50 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

14

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation[.]" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

"To plead a prima facie cause of action under [the NJPLA], a plaintiff must show that the defendant manufactured the product, that a reasonably foreseeable user was injured, that the product was defective, that the defect existed when it left the defendant's control, and that the defect was the actual and proximate cause of the plaintiff's injury." *Worrell v. Elliott & Frantz*, 799 F. Supp. 2d 343 (D.N.J. 2011). Notably, the NJPLA "creates an exclusive cause of action for products liability claims, and the statute 'does not recognize either negligence or implied breach of warranty as separate claims for harm caused by a defective product,' as those claims are subsumed by the [NJPLA]." *See Guerriero v. Sanford L.P.*, No. 12-5246, 2017 WL 1536423, at *3 (D.N.J. Apr. 28, 2017) (quoting *West v. Am. Honda Motor Co.*, No. 08-700, 2008 WL 4104683, at *3 (D.N.J. 2008)).

15

### c. Analysis

#### i. Products Liability Claims[7]

The Court finds that Plaintiff has failed to plead a viable products liability claim under the NJPLA. Claims brought under the NJPLA may proceed under any of three theories: manufacturing flaw, design defect, or inadequate warning. *See Finley v. NCR Corp*, 964 F. Supp. 882 (D.N.J. 1996). Based on the Amended Complaint, the Court cannot discern if Plaintiff attempted to plead under a particular theory. The Court therefore examines all three and finds the Amended Complaint does not properly plead a claim under the NJPLA.

To plead a manufacturing defect, a plaintiff must allege the product "deviated from the design specification, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae." *See Brief v. Idelle Labs, Ltd.*, No. 22-5085, 2023 WL 2860345, at *3 (D.N.J. Apr. 10, 2023). Plaintiff's allegations fail to cite to any type of misstep in the manufacturing process which caused her injuries. *See Hindermyer*, 419 F. Supp. 3d at 827 ("Plaintiff has not identified, even in general terms, a particular error or mishap in the manufacturing process that caused [the product] to deviate from Defendants' own standards, nor does she contend that her device failed to conform to other identical units.").

As to a design defect, a plaintiff "must plead either that the product's risk outweighs its harm, or that an alternate design exists." *Mendez v. Shah*, 28 F. Supp. 3d 282, 298 (D.N.J. 2014).

---

[7] The Court agrees with Petco and finds that Plaintiff's separate negligence claim must be dismissed. It is well settled that "under New Jersey law negligence is no longer viable as a separate claim for harm caused by a defective product." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 818 (D.N.J. 2019) (quoting *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999)). Therefore, the Court turns to Plaintiff's claims under the NJPLA.

Here, the six-paragraph Amended Complaint does not meet this threshold. Plaintiff does not allege that the product was unduly harmful or that a reasonable alternative existed.

Finally, the Amended Complaint fails to allege any facts which give rise to a reasonable inference that Petco had a duty to warn, inadequately warned Plaintiff of her injuries or that the Product proximately caused Plaintiff's injuries. *See Brief*, 2023 WL 2860345, at *4. Again, the Amended Complaint mentions only that Plaintiff was using the product, and that the product was the direct and proximate cause of her injuries but provides no other factual allegations.

At bottom, the Court finds that Plaintiff's Amended Complaint amounts to little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brown v. City of Newark*, No. 18-82, 2018 WL 3377709, at *1 (D.N.J. July 11, 2018) (internal quotations omitted). Therefore, the Court finds Plaintiff's Amended Complaint is insufficient to withstand Petco's motion to dismiss under Rule 12(b)(6).

### d. Curative Amendment

Petco argues that Plaintiff cannot cure the Amended Complaint because she cannot establish causation, and therefore it should be dismissed with prejudice. Petco Br. in Supp. of Mot. to Dismiss, at 11-12. It is unclear whether Plaintiff argues that in the event Petco's motion is granted and her Amended Complaint is dismissed, such dismissal should be without prejudice and Plaintiff be permitted to amend her complaint to cure any deficiencies. For example, Plaintiff cites *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008), for the proposition that if a complaint is "vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." However, other than this citation, Plaintiff does not affirmatively argue the Court should allow curative amendment. Nonetheless, the Court

17

addresses whether or not Plaintiff should be granted a final opportunity to cure her already Amended Complaint.

It is well established in the Third Circuit that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010). It is also well established that "[c]ausation is a fundamental requisite for establishing any product-liability action. The plaintiff must demonstrate so-called product-defect causation—that the defect in the product was a proximate cause of the injury." *See Coffman v. Keene Corp.*, 133 N.J. 581, 594 (1993). "A proximate cause need not be the sole cause of harm. It suffices if it is a substantial contributing factor to the harm suffered." *Perez v. Wyeth Labs., Inc.*, 161 N.J. 1, 27 (1999). In a products liability action, a defendant's liability may be relieved if an "intervening superseding cause caused the accident." *Kemly v. Werner Co.*, 151 F. Supp. 3d 496, 507 n.19 (D.N.J. 2015). For example, if plaintiff's own conduct "had been the sole cause of the accident" this could be found to be an intervening superseding cause. *Id.* Generally, "issues of proximate cause are considered to be jury questions." *Severa v. Solvay Specialty Polymers USA, LLC*, 524 F. Supp. 3d 381, 391-92 (D.N.J. 2021). However, a court may decide the issue as a matter of law where "no reasonable jury could find that the plaintiff's injuries were proximately caused." *Id.* Here, the Court cannot find that it is currently in a position to determine whether further amendment to the Amended Complaint would be futile.

First, any information regarding the proximate cause of Plaintiff's injuries is discernable only outside of the pleadings. Plaintiff does not mention, describe, or detail the leash breaking, the dog being hit by the vehicle, her attempting to move the dog, or even the dog biting her. It is true that when "evaluating a motion to dismiss, courts are not limited to the four corners of the

complaint, but may also consider evidence integral to or explicitly relied upon therein." *See Cianelli v. Nourison Indus., Inc.,* No. 3:19-19147, 2020 WL 4882500, at *5, n.4 (D.N.J. Aug. 20, 2020). However, here, Plaintiff's Amended Complaint is so lacking it would be disingenuous for the Court to find that the Incident Report or Medical Report was integral or relied upon in Plaintiff's Amended Complaint.

Further, it appears that Plaintiff attempts to circumvent the issue of proximate causation by requesting the Court take judicial notice of several factors. Specifically, Plaintiff requests the Court to take judicial notice that the purpose of a leash is to keep a dog from getting struck by a car, and that "pet owner whose pet is struck by a vehicle may come to its aid, and a dog may become aggressive and bite a person due to being scared and fearful." Opp'n to Petco, D.E. 43, at 3. However, Plaintiff's request is problematic for two reasons. First, the "facts" Plaintiff asks this Court to take judicial notice of are not the kind which this Court is able to take notice. This is because a judicially noticed fact is one that is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 290 (3d Cir. 2002). Indeed, a court may take judicial notice of such facts "because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Roche v. Aetna*, Inc., No. 12-200607, 2023 WL 3173394, at *3 (D.N.J. May 1, 2023). Judicial notice is therefore more commonly used in consideration of facts such as matters of public record, *see Radcliff v. Radcliff,* No. 20-3669, 2020 WL 7090687, at *4, (D.N.J. Dec. 4, 2020), the location of a city, *see Smal & Partners UK Ltd. v. Podhurst Orseck P.A.*, No. 11-5260, 2012 WL 1108560, at *6 n.6 (D.N.J. Mar. 2, 2012), or the existence of another court's opinion, *see Roche v. Aetna, Inc.,* No. 22-607, 2023 WL 3173394, at *4 (D.N.J. May 1, 2023). More importantly, it appears Plaintiff seeks this Court to take judicial notice of the proximate cause of her injuries—which is what she

19

herself is required to adequately plead to survive a motion to dismiss. Given this Circuit's preference to allow curative amendment, as well as the current state of the Amended Complaint, the court will afford Plaintiff one final opportunity to amend to cure the outlaid deficiencies.

### IV. CONCLUSION

For the reasons stated above, Flexi's motion to dismiss, D.E. 36, is granted for lack of personal jurisdiction. Further, Petco's motion to dismiss, D.E. 32, is granted for failure to state a claim. An appropriate Order accompanies this Opinion.

<u>s/ Michael A. Hammer</u><br>
UNITED STATES MAGISTRATE JUDGE

Date: August 27, 2024